IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARK OTIS BOATWRIGHT,<br><br>                    Plaintiff<br><br>      VS.<br><br>IVEY SPENCER, *et al.*,<br><br>                    Defendants | NO.  5: 05-CV-270 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

The defendants in the above-styled case have filed a Motion for Summary Judgment which is supported by two attached affidavits (Tab #26), a Brief (Tab #28), and a Statement of Undisputed Material Facts (Tab #27).  After being advised of his right to do so (Tab #31) the plaintiff submitted a Response to the defendants' Motion (Tab #35).[1]  Also in the record is the deposition of the plaintiff (Tab #30).

Plaintiff MARK OTIS BOATWRIGHT alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs.  His allegations against defendant SPENCER are that she misdiagnosed and/or disregarded his ailments, thereby delaying treatment for an unconstitutionally long period of time. With respect to defendant WARDEN COLSON, the plaintiff alleges that the warden transferred him from Sumter County Correctional Institution to Men's State Prison with knowledge and appreciation that such a transfer would represent a substantial risk of serious harm to the plaintiff's health and safety.

---

[1] In his Response, plaintiff also asks that the court appoint a medical expert witness.  Upon consideration of this request, the same is DENIED.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## B. Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.  A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106.  The Eleventh Circuit has refined *Estelle* as follows with respect to delay in medical treatment:

> Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not violate the Eighth Amendment.
>
> The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.  Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, 1187-88 (11th Cir.1994) *abrogated on other grounds by Hope v. Pelzer,* 536 U.S. 730 (2002) (internal citations and punctuation omitted).

**FACTS**

In the light most favorable to the plaintiff, the undersigned finds that plaintiff BOATWRIGHT was initially incarcerated at Georgia Diagnostic an Classification Prison in November of 2003. Defendant SPENCER performed the plaintiff's initial screening at GDCP on November 5, 2003, and a physical examination on November 19, 2003. During these procedures defendant SPENCER found that the plaintiff had a small scab on his buttock; plaintiff complained of "bleeding problems," including occasional bleeding from his rectum when he sat. During the physical, the plaintiff's sore was draining, but the hole closed up while he was at GDCP. Plaintiff BOATWRIGHT stated that "the [rectal] area flares up and drains at times," and told defendant SPENCER that the condition had been treated as a hemorrhoid at the county jail.

After diagnosing the plaintiff with a questionable history of a fistula versus pilonidal cyst, defendant SPENCER advised the plaintiff that he should follow up with the medical department if the condition worsened. This information was all put into the plaintiff's medical record. Significantly, plaintiff did not submit *any* sick calls for the remainder of his incarceration at GDCP.

On April 1, 2005, Dr. Nwabueze diagnosed the plaintiff's with a anal fissure. Thereafter, on April 25, 2005, Dr. Nwabueze gave the plaintiff a work restriction medical profile and recommended that he be transferred to a state prison for further treatment because, in his medical opinion, the state institutions had better medical facilities. In accordance with this recommendation, defendant WARDEN COLSON transferred the plaintiff.

By the summer of 2005, more than two years after his final interaction with defendant SPENCER and after plaintiff had been treated by numerous other medical professionals including Dr. Nwabueze,[2] plaintiff's condition had deteriorated to the point that surgery was necessary. On July 26, 2005, an operation was performed on his rectal fistula.

---

[2] Dr. Nwabueze is no longer a defendant in this case, but his affidavit is in the record.

## CONCLUSION

Though he complains that he was never treated for his rectal conditions, for the entirety of his stay at GDCP **the plaintiff never requested to be seen in medical for his ailments**, as he had been instructed to do by defendant SPENCER. Meanwhile, when a medical professional recommended to WARDEN COLSON that plaintiff BOATWRIGHT be transferred into a more suitable place for the plaintiff's ailments to heal, the warden did so. In the light most favorable to the plaintiff, the actions of both defendants SPENCER and COLSON with respect to the plaintiff's treatment demonstrate a standard of care that is far more than adequate. Thus, he is entitled to no relief under 42 U.S.C. §1983, no constitutional violations having been established.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may file written objections to this RECOMMENDATION with the Clerk of court directed to the district judge assigned to this case, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 24th day of JULY, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE